IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                            Civil No. 00-4082

TRACY L. BOYLES and
BARBARA L. BOYLES,
husband and wife,
        Defendants.

## DECREE OF FORECLOSURE

Now on this 16th day of November, 2009, this case comes on to be heard, and the Court being advised in the premises, finds:

1. That the Court has jurisdiction of the parties and subject matter herein.

2. That the Plaintiff filed its Amended Complaint against the Defendants on September 3, 2009.

3. That the Defendant Tracy L. Boyles was served with summons and a copy of amended complaint by certified mail on or about September 5, 2009.

4. That the Defendant Barbara L. Boyles was served with summons and a copy of the amended complaint by certified mail on or about September 5, 2009.

5. That the default of Defendants Tracy L. Boyles and Barbara L. Boyles was entered by the Clerk on October 6, 2009, pursuant to Rule 55(a), Federal Rules of Civil Procedure.

6. That on or about April 29, 1988, at DeQueen, Arkansas, for a good and valuable consideration, the Defendants executed and delivered their Promissory Note payable to the United

States of America, acting through the Rural Development Service (formerly known as Farmers Home Administration), United States Department of Agriculture, in the principal amount of $34,000.00, with interest thereon at the rate of 9.00 percent per annum, payable in installments beginning May 28, 1988, and continuing thereafter until paid in full, and providing that upon default the holder might declare the entire indebtedness due and payable. This note was reamortized on July 28, 1999.

7. That the Plaintiff is the legal holder of this note.

8. That to secure the payment of this note, the Defendants executed, acknowledged and delivered to the United States of America, acting through the Rural Development Service (formerly known as the Farmers Home Administration), United States Department of Agriculture, on April 29, 1988, their Real Estate Mortgage, conditioned on repayment of this note, which was recorded on April 29, 1988, at Book 152, page 271-274, in the records of Sevier County, Arkansas, covering the following described property in Sevier County, Arkansas, to-wit:

Lot 19, Block 1, Tall Pines Addition to DeQueen, Arkansas.

9. That the Plaintiff is the legal holder of this mortgage.

10. Said defendants, Tracy L. Boyles and Barbara L. Boyles, violated the covenants of the note and mortgage. By reason of such default plaintiff accelerated the indebtedness and declared the entire unpaid balance immediately due and payable, but said defendants, Tracy L. Boyles and Barbara L. Boyles, failed and refused to pay the balance.

11. Plaintiff filed its original Complaint herein on June 26, 2000. A Decree of Foreclosure granting an *in rem* judgment was entered by this Court in this matter on August 16, 2000. On or about October 10, 2000, Defendants commenced their Chapter 13 bankruptcy

proceeding, Case No. 4:00-bk-14455, Western District of Arkansas, prior to the sale of the property being completed.

12. On January 18, 2001, the Defendants' Chapter 13 Plan was confirmed by the U.S. Bankruptcy Court. The Chapter 13 Plan provided for payments to be made to Plaintiff through the plan, and the Trustee did make payments to Plaintiff during the bankruptcy proceeding. On June 13, 2006, the Bankruptcy Judge ordered that the Defendants make payments directly to Plaintiff on the balance remaining owing to Plaintiff. However, Defendants have failed to make the payments to Plaintiff and are delinquent.

13. On or about June 13, 2006, Tracy L. Boyles and Barbara L. Boyles were granted a discharge from the bankruptcy proceeding under Section 727 of Title 11, United States Code.

14. That despite notice and demand, the Defendants have neglected and refused to pay their obligation on this note and are in default thereon, and the Plaintiff has declared the entire indebtedness due and payable and elected to seek judgment and judicial aid of its claim, as allowed in said mortgage and by law, and that there is due the Plaintiff on account of this note the sum of $29,516.81 plus accrued interest of $8,275.15, as of July 8, 2009, for a total of $37,791.96, with interest accruing thereafter at the rate of 7.2781 percent per annum, until date of judgment; and costs and fees assessed to the account in the amount of $2,758.10.

15. For a valuable consideration, the Defendants in said mortgage waived all rights of appraisement, sale, redemption and homestead, and particularly all rights of redemption under the Act of the Arkansas Legislature approved May 8, 1899, and acts amendatory thereof, and the said Defendants likewise expressly waived all rights or possibility of dower, curtesy, and homestead in and to said land and property.

16.     That the relief now granted to the Plaintiff is not different as to type or material amount from that sought in its Complaint.

17.     That the time for the Defendants to otherwise plead has now expired and they have failed to appear or plead to the Complaint; they are not infants, or incompetent persons, or in the active military service of the United States, and they are in default.

IT IS, THEREFORE, ORDERED AND DECREED:

That the Plaintiff, United States of America, have and recover judgment in rem against the property and not in personam against the Defendants in the amount of $37,791.396, plus interest accruing at a rate of 7.2781 percent per annum from July 8, 2009, to date of judgment, together with interest at the legal rate of .33 percent per annum pursuant to 28 U.S.C. §1961(a) from the date of this judgment until paid, and costs herein laid out and expended in the amount of $2,758.10.

That the prayer of the Plaintiff, United States of America, for a Decree of Foreclosure should be, and is hereby, granted.

IT IS FURTHER ORDERED, that if the judgment of the Plaintiff is not paid within ten days from this date, then Richard J. O'Connell, United States Marshal for the Western District of Arkansas shall advertise the time, place and terms of judicial sale according to law and this decree, at least once weekly for four weeks prior to sale in a newspaper having a general circulation in Sevier County, Arkansas, and he shall sell at public outcry, to the highest qualified bidder, at the main door of the Sevier County Courthouse in DeQueen, Arkansas, on a credit of three months, the property above described. The proceeds of this judicial sale shall be applied, in the manner provided by law, to the judgment of the Plaintiff.

The purchaser at the Marshal's sale shall give bond with approved security to secure payment of the purchase price, and a lien shall be retained on the property to secure payment thereof. If the Plaintiff purchases the property for an amount not in excess of its judgment and costs, which are hereby granted, it may credit the amount of its bid, less all court costs, upon its judgment and need not give bond to secure the purchase price.

IT IS FURTHER ORDERED, that upon judicial sale of this property, and confirmation thereof by this Court, then all right, title and interest of all parties in and to said property, including any rights or possibility of curtesy, dower, homestead, appraisement and redemption are forever barred and FORECLOSED. Should the sale bring proceeds or credits in excess of the Plaintiff's claim and costs, the Court will determine the rightful owner thereof.

JURISDICTION of this case is retained.

    /s/ Jimm Larry Hendren
JIMM LARRY HENDREN
CHIEF, UNITED STATES DISTRICT JUDGE